[No. 12731–8–II.   Division Two.   May 3, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. LEROY C.
STEPHENS, *Appellant.*

*Leonard D. Smith,* for appellant (appointed counsel for appeal).

*Gary P. Burleson, Prosecuting Attorney,* and *Robert W. Johnson, Deputy,* for respondent.

WORSWICK, J.—Leroy C. Stephens appeals a Mason County Superior Court sentence in excess of the Sentencing Reform Act of 1981 standard range. Stephens pleaded

guilty to eight counts of second degree burglary. The SRA standard range is 43 to 57 months. The court imposed concurrent exceptional sentences of 96 months per count. We reverse.

The eight burglaries were committed over a 2–week period. Multiple victims suffered property loss, and all victims were accounted for in the charges. There was no evidence of unusual monetary loss or a high degree of sophistication in the commission of the crimes. Stephens's criminal history includes a juvenile conviction of second degree burglary and adult convictions of second degree burglary and attempted second degree burglary. The present crimes and the criminal history, all considered in the computation of the offender score, resulted in an offender score equivalent of 19.

The State recommended an exceptional sentence because (1) Stephens's offender score was substantially higher than 9; (2) he was a continued risk to society; and (3) the standard range was too lenient when the offender score was as high as 19. The sentencing court imposed an exceptional sentence based on the following findings:

1. There were [sic] a series of offenses involving multiple victims and property loss during a two week period of time.
2. The criminal history for each offense is 19.
3. The defendant has exhibited a behavior pattern which makes him a danger to the community.
4. The imposition of 43 to 57 month sentences for these offenses with the crimes for which he is being sentenced is clearly too lenient in light of the purposes set forth in RCW 9.94A.010.

It is apparent from the record—and counsel for the State concedes—that the primary reason for an exceptional sentence was the high offender score.[1]

The State relies on *State v. Garnier,* 52 Wn. App. 657, 663–64, 763 P.2d 209 (1988), *review denied,* 112 Wn.2d 1004 (1989). In *Garnier,* Division Three of this court held that the proportionality and punishment purposes of the

---

[1]The provisions of RCW 9.94A.390(2)(c) were not brought to the court's attention and have not been argued here. Therefore, we do not consider them.

SRA contemplated more severe punishment for an offender with a score far in excess of the "9 or more" offender score in the sentencing matrix. RCW 9.94A.310. The court reasoned that the Legislature could not have contemplated offender scores far in excess of "9 or more," and thus, consistent with the purposes of the SRA, a score well above "9 or more" is a substantial and compelling reason to impose an exceptional sentence. *Garnier,* 52 Wn. App. at 664.

■■ We disagree. We held precisely the contrary in *State v. Whitehead,* 51 Wn. App. 841, 755 P.2d 852 (1988), and we are not convinced that we should change our position.[2] The term "9 or more" is not ambiguous, and it is not the courts' function to cure perceived shortcomings in unambiguous legislation. *Whitehead,* 51 Wn. App. at 842–43.

■ At bottom, this case is controlled by the fundamental proposition that criminal history cannot be used as an aggravating factor because it already is included in the computation of the offender score. *State v. McAlpin,* 108 Wn.2d 458, 463, 740 P.2d 824 (1987). Criminal history includes all history contributing to an offender score of "9 or more." RCW 9.94A.310.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

ALEXANDER, C.J., and PETRICH, J., concur.

Review granted at 115 Wn.2d 1001 (1990).

---

[2]Division Three apparently overlooked *Whitehead,* for it is not mentioned in the *Garnier* opinion.