[No. 57181–3. En Banc. January 10, 1991.]

THE STATE OF WASHINGTON, *Petitioner*, v. LEROY C.
STEPHENS, *Respondent*.

Gary P. Burleson, Prosecuting Attorney, and *Victoria Meadows, Deputy,* for petitioner.

*Leonard D. Smith,* for respondent.

CALLOW, C.J.—In December 1988, LeRoy Stephens pleaded guilty to eight counts of second degree burglary. His offender score, including present and prior convictions, was 19. At that time, the Sentencing Reform Act of 1981 (SRA) standard sentence range for second degree burglary with "9 or more" offender points was 43 to 57 months. Stephens was sentenced to eight concurrent 96–month sentences. The trial court made the following findings in support of the exceptional sentence:

I

There were [*sic*] a series of offenses involving multiple victims and property loss during a 2 week period of time.

II

The criminal history score for each offense is 19.

III

The defendant has exhibited a behavior pattern which makes him a danger to the community.

## IV

The imposition of 43 to 57 month sentences for these offenses with the crimes for which he is being sentenced is clearly too lenient in light of the purposes set forth in RCW 9.94A.010.

On appeal, the Court of Appeals reversed the exceptional sentence, holding that it had been improperly based on factors already taken into account in determining the standard range, and remanded for resentencing. *State v. Stephens*, 57 Wn. App. 748, 790 P.2d 199 (1990). We granted review. We hold that an exceptional sentence above the standard SRA range may be justified when a defendant's multiple current convictions, combined with his high offender score, would otherwise result in there being no additional penalty for some of his crimes. We reverse the Court of Appeals and reinstate the sentence imposed by the trial court.

## I

### Standard of Review

■ The standard of review of an exceptional sentence set forth in RCW 9.94A.210(4) was explicated by this court in *State v. Fisher*, 108 Wn.2d 419, 739 P.2d 683 (1987), as follows:

> In reviewing an exceptional sentence under the standards in subsection (a), the appellate court must conduct a 2-part analysis. First, it must decide if the record supports the sentencing judge's reasons for imposing the exceptional sentence. Because this is a factual question, the sentencing judge's reasons must be upheld if they are not clearly erroneous. *State v. Nordby*, 106 Wn.2d 514, 517–18, 723 P.2d 1117 (1986). Under the second part of RCW 9.94A.210(4)(a), the appellate court must determine independently, as a matter of law, if the sentencing judge's reasons justify the imposition of a sentence outside the presumptive range. *Nordby*, at 518. The reasons must be "substantial and compelling". RCW 9.94A.120(2). They must "take into account factors other than those which are necessarily considered in computing the presumptive range for the offense." *Nordby*, at 518.

*Fisher*, at 423. In sections II and III, we apply these standards to the trial court's four findings.

## II
### DOES THE RECORD SUPPORT THE TRIAL COURT'S FINDINGS

The trial court's first finding in support of the exceptional sentence was that defendant had committed "a series of offenses involving multiple victims and property loss during a 2 week period of time." This finding was clearly supported by the record. These were the offenses for which defendant was being sentenced. The trial court's second finding was that defendant's criminal history score was 19 for each offense. This finding is also a statement of fact clearly supported by the record.

■ The trial court's third finding was that "defendant has exhibited a behavior pattern which makes him a danger to the community." However, the court made no finding regarding defendant's dangerousness beyond the fact that defendant had committed the crimes of which he was convicted. That is insufficient. Therefore, this finding was not supported by the record and may not be used to justify the exceptional sentence.

The trial court's final finding in support of the exceptional sentence was that "the imposition of 43 to 57 month sentences for these offenses with the crimes for which [defendant] is being sentenced is clearly too lenient in light of the purposes set forth in RCW 9.94A.010."[1] This finding necessarily involves some interpretation of the purposes of the SRA on the part of the trial judge. However, given that

---

[1]RCW 9.94A.010 reads as follows:

"**Purpose.** The purpose of this chapter is to make the criminal justice system accountable to the public by developing a system for the sentencing of felony offenders which structures, but does not eliminate, discretionary decisions affecting sentences, and to add a new chapter to Title 9 RCW designed to:

"(1) Ensure that the punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history;

"(2) Promote respect for the law by providing punishment which is just;

"(3) Be commensurate with the punishment imposed on others committing similar offenses;

"(4) Protect the public;

"(5) Offer the offender an opportunity to improve him or herself; and

"(6) Make frugal use of the state's resources. [1981 c 137 § 1.]"

Stephens' presumptive sentence would have been 43 to 57 months had he only committed two of the eight burglaries for which he was being sentenced, this finding is not so unreasonable as to be "clearly erroneous." The crucial question regarding this finding is whether or not it justifies an exceptional sentence, because not all sentences that seem too lenient are legally too lenient under the SRA.

## III
### DID THE TRIAL COURT'S FINDINGS JUSTIFY
### AN EXCEPTIONAL SENTENCE

 We now consider whether the three proper findings of fact justify an exceptional sentence. The first two findings, that defendant committed a series of offenses with multiple victims, and that his offender score was 19, are simply restatements of the crimes for which he was convicted. Thus they cannot, of themselves, justify an exceptional sentence. As stated in *State v. Garnier,* 52 Wn. App. 657, 662–63, 763 P.2d 209 (1988), *review denied,* 112 Wn.2d 1004 (1989), "multiple burglaries . . . should each be counted in arriving at the offender score for sentencing. Therefore, [they] should not be used as an aggravating factor to justify an exceptional sentence". Similarly, in *State v. Tunell,* 51 Wn. App. 274, 281, 753 P.2d 543, *review denied,* 110 Wn.2d 1036 (1988), the court held that as multiple incidents resulted in multiple convictions which were then used in computing the offender score, "they cannot be used to justify a departure from the presumptive range."

*Stephens* stated that "[i]t is apparent from the record—and counsel for the State concedes—that the primary reason for an exceptional sentence was the high offender score." *Stephens,* at 749. However, we note that the State argued in its brief that:

> [t]o treat [Stephens] the same as a defendant who has an offender score of 9 would ignore the true scope of [Stephens'] criminal conduct. A person who has an offender score of over nine would be free to commit 20, 50 or 100 additional burglaries without any additional punishment. This can not [*sic*] be the true intent of the "9 or more" standard.

This argument does not support the proposition that *any* offender with a score of 19 should receive an exceptional sentence. Rather, it supports the proposition that an offender with such a score—*i.e.,* one who is already at the upper limit of the sentencing grid—should receive a greater punishment *if he commits more than one current crime.* Thus the discussion in the lower court regarding Stephens' offender score tacitly included the trial court's other findings of fact.

The State's argument is based on *Garnier,* in which it was held that

> [i]f a burglar with an offender score of 29 received the same punishment as a burglar with an offender score of 9, the punishment would not be proportionate to the seriousness of the offense, promote respect for the law, or be commensurate with the punishment imposed on others committing similar offenses.

*Garnier,* at 663–64. *Garnier* held that such a high offender score "is a substantial and compelling justification for an exceptional sentence." *Garnier,* at 664.

Under the SRA, a high offender score alone is insufficient to justify an exceptional sentence. Something more is required. In this case, as in *Garnier,* the defendant's high offender score is combined with multiple current offenses so that a standard sentence would result in "free" crimes— crimes for which there is no additional penalty. This is the issue raised by the trial court's final finding that imposition of the standard sentence "for these offenses with the crimes for which he is being sentenced is clearly too lenient in light of the purposes set forth in RCW 9.94A.010." This is clearly a reference to RCW 9.94A.390(2)(g),[2] which states that upward departure from the sentencing guidelines may be justified where "[t]he operation of the multiple offense policy of RCW 9.94A.400 results in a presumptive sentence that is clearly too lenient in light of the purpose of this chapter, as expressed in RCW 9.94A.010." Thus, the issue could be stated as follows: may a defendant being sentenced for multiple *current* offenses, no one of which would

---

[2]Then RCW 9.94A.390(2)(f).

warrant an exceptional sentence, receive an exceptional sentence based on the number of crimes committed (and his resulting high offender score)? We hold that he may.

*State v. McAlpin,* 108 Wn.2d 458, 740 P.2d 824 (1987) held that a court could consider a defendant's juvenile criminal record in imposing its sentence, even though that juvenile record was excluded from the presumptive range calculations of the SRA. The court reasoned that

> [o]ne of the overriding purposes of the sentencing reform act is to ensure that sentences are proportionate to the seriousness of the crime committed and the defendant's criminal history. RCW 9.94A.010(1). This purpose would be frustrated if a court were required to blind itself to a significant portion of a defendant's juvenile criminal record.

*McAlpin,* at 464. We noted that as these crimes were not counted in calculating the offender score, no double penalty would occur as a result of considering them in regard to an exceptional sentence, and we rejected the defendant's argument "that the Legislature, by excluding such crimes from the presumptive range calculation, intended to exclude consideration of them entirely." *McAlpin,* at 464. Similarly, in the instant case, although the crimes were counted in calculating the offender score, most of them had no effect on the sentence because Stephens' score was "9 or more" already. Thus, Stephens would not be penalized twice if the multiple crimes were considered toward an exceptional sentence. We believe that the Legislature must have intended that these additional crimes be reflected in the sentence imposed, and that this is one type of situation for which RCW 9.94A.390(2)(g) was designed.

In *Fisher,* this court addressed the question of when the "clearly too lenient" factor justifies an exceptional sentence. We stated that "[i]t is proper to rely on this aggravating factor when there is some extraordinarily serious harm or culpability resulting from multiple offenses which would not otherwise be accounted for in determining the presumptive sentencing range." *Fisher,* at 428. The fact that defendant committed eight burglaries yet, under the multiple offense policy, would presumptively receive the same

sentence as if he had committed only two burglaries, satisfies this test. Any other rule would mean that all additional counts, whether 6 (as in this case) or 60, would be free from additional punishment. Such a rule would be against public policy and inconsistent with the stated purposes of the SRA.

Stephens argued that the standard range was not too lenient because "[a]lthough not discussed, there were other alternatives available for sentencing," such as "co[unse]ling, treatment and use of the standard range." This argument is unsound. Clearly the trial court did consider—and reject— a standard sentence. Moreover, under the SRA, counseling and other alternatives to incarceration are not available to a repeat offender such as Stephens unless exceptional circumstances exist. *See* RCW 9.94A.120(1)–(3).

Although the trial court's first three findings of fact do not support the exceptional sentence, we may uphold the sentence on the fourth finding alone. A "clearly too lenient" presumptive sentence is itself a "substantial and compelling" reason which may justify an exceptional sentence. This court is not required to remand merely because it finds some of the trial court's findings inadequate. *Fisher,* at 429.

## IV

### Was the Sentence Imposed Clearly Excessive

■ If the exceptional sentence is justified, then the appellate court must determine whether it is "clearly excessive". RCW 9.94A.210(4). The standard of review is stated in *State v. Oxborrow,* 106 Wn.2d 525, 530, 723 P.2d 1123 (1986): "the sentencing court's decision regarding length of an exceptional sentence should not be reversed as 'clearly excessive' absent an abuse of discretion." The court then adopted the following interpretation: "for action to be *clearly* excessive, it must be shown to be clearly unreasonable, *i.e.,* exercised on untenable grounds or for untenable reasons, or an action that no reasonable person would have taken." *Oxborrow,* at 531 (quoting *State v. Strong,* 23 Wn.

App. 789, 794, 599 P.2d 20 (1979)). Under the above standard, the exceptional sentence imposed, less than twice the standard sentence, is not "clearly excessive".

## V
### CONCLUSION

We do not hold that an offender score greater than 9, in and of itself, justifies an exceptional sentence. We hold that such an offender score, in conjunction with multiple current offenses, may warrant an exceptional sentence if imposition of a standard sentence would result in there being no additional punishment for one or more of the current convictions. To the extent that *State v. Garnier,* 52 Wn. App. 657, 763 P.2d 209 (1988) stands for the proposition that a high offender score above "9 or more" is, in and of itself, justification for imposing an exceptional sentence, it is overruled. The trial judge appropriately exercised his discretion in imposing the exceptional sentence. We reinstate the decision of the trial court.

UTTER, BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, DURHAM, SMITH, and GUY, JJ., concur.