[No. 14833-5-III.  Division Three.  January 16, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. AARON WAYNE COATS, *Appellant*.

*Terence M. Ryan*, for appellant.

*James R. Sweetser, Prosecuting Attorney*, and *Claude S. Montecucco, Deputy*, for respondent.

THOMPSON, J. — Mr. Coats pleaded guilty to four counts of first degree robbery and entered into a stipulation with regard to 27 other uncharged counts of first degree robbery. The court imposed an exceptional sentence of 240 months on each robbery conviction. Mr. Coats appeals, contending the sentence violated the real facts doctrine and was an abuse of discretion. We affirm.

The State charged Mr. Coats with four counts of first degree robbery. Pursuant to a plea agreement, Mr. Coats pleaded guilty on all four counts. Referring specifically to RCW 9.94A.370, he stipulated that he committed 27 other counts of first degree robbery, but none of the additional crimes were to be charged. His standard range for each count was 129 to 171 months. During the same hearing, Mr. Coats also pleaded guilty to second degree assault, attempted second degree escape, and forgery. The assault and escape charges stemmed from an incident where he attempted to flee custody in a courtroom, after being detained for the robbery charges.

Mr. Coats was sentenced for all seven charges at the same time; thus, they constituted current offenses under the statute. Although Mr. Coats had an offender score of 12, the sentencing grid has a maximum offender score of nine. The standard range for each robbery count was 129

to 171 months. The standard ranges for the forgery, the assault and attempted escape were 17 to 22 months, 63 to 84 months, and 0 to 365 days, respectively. In his findings, the judge concluded Mr. Coats received two free crimes under the multiple offense policy. Thus, the court found a standard range sentence would (1) fail to punish Mr. Coats for one or more of his current crimes; (2) fail to recognize the impact of his 31 robberies and his level of criminality; (3) fail to recognize the aggravating facts of the case; and (4) fail to accomplish the purpose of the Sentencing Reform Act. The court then imposed an exceptional sentence of 240 months on each robbery conviction. Mr. Coats received standard range sentences for his other crimes.

Mr. Coats contends his exceptional sentence violated the real facts doctrine. The real facts doctrine requires sentences be based upon the defendant's current conviction, his criminal history, and the circumstances of the crime. *State v. Tierney*, 74 Wn. App. 346, 350, 872 P.2d 1145 (1994), *cert. denied*, 115 S. Ct. 1149 (1995). "Facts that establish the elements of a more serious crime or additional crimes may not be used to go outside the presumptive sentence range except upon stipulation . . . ." RCW 9.94A.370(2).

A stipulation pursuant to RCW 9.94A.370 was entered by the parties in which Mr. Coats admitted to committing 31 crimes of first degree theft, only four of which were charged. At the guilty plea hearing the following exchange was had:

> THE DEFENDANT:[1] In a nut, what we're presenting you is pleas of guilty to all charged counts, stipulation to the real facts underlying 27 other robberies, stipulation to restitution on uncharged counts, and the [S]tate will not press forward and charge those uncharged counts.

> THE COURT: Does that accurately reflect the plea bargain, Mr. Ryan?

---

[1]The report of proceedings indicates this statement was made by the defendant; however, in reading the record and briefs of the parties, it is clear it was actually made by the prosecutor, Mr. Hay.

MR. RYAN [defense counsel]: Yes, it does, Your Honor.

At both the guilty plea and sentencing hearings, the State referred to the stipulation as a basis for an exceptional sentence. The defense did not object. Defense counsel admitted Mr. Coats stipulated to the 27 uncharged offenses, and acknowledged the State was asking the court to consider them. Mr. Coats himself told the court he made the stipulation and hoped the court would enter a standard range sentence. The law does not require the stipulation to be as specific as Mr. Coats contends. The stipulation's reference to the statute and the use of the words "real facts" was sufficient to allow the court to consider the uncharged crimes for sentencing purposes.

██ Mr. Coats next argues the court abused its discretion by finding the standard range sentence failed to recognize the exceptional impact of the crimes on the victims and the level of criminality involved. Under RCW 9.94A.210(4), an appellate court must determine if the exceptional sentence imposed by the trial court is supported by the record, and if the court's determination, as a matter of law, justifies the exceptional sentence. *State v. Nordby*, 106 Wn.2d 514, 517-18, 723 P.2d 1117 (1986).[2] A trial court's finding of fact to support the imposition of an exceptional sentence will be upheld unless it is clearly erroneous. *Id.* at 518. A factor justifies an exceptional sentence if it is sufficiently substantial and compelling to distinguish the current crime from others in the same category. *State v. Grewe*, 117 Wn.2d 211, 216, 813 P.2d 1238 (1991).

In its findings and conclusions supporting the exceptional sentence, the court referred to the impact on the victims and the level of criminality involved as an aggravating factor. Nothing in the record indicates the

[2]RCW 9.94A.210(4)(a) provides:

"To reverse a sentence which is outside the sentence range, the reviewing court must find . . . [e]ither that the reasons supplied by the sentencing judge are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard range for that offense[.]"

impact on the victims or established the level of Mr. Coats' criminality. The State alleges the presentence investigation report adopted by the court supports these factual findings, but that report is not before this court on appeal. Thus, the findings that these crimes had a heightened impact on the victims and exhibited a high degree of criminality were clearly erroneous.

■ This court, however, need not remand for resentencing. An exceptional sentence may be affirmed, even if some of the justifications for its imposition were improper, so long as the appellate court is confident the trial court would impose the same sentence on remand. *State v. Farmer*, 116 Wn.2d 414, 432, 805 P.2d 200, 13 A.L.R.5th 1070 (1991), *modified on other grounds, Wichert v. Cardwell*, 117 Wn.2d 148, 812 P.2d 858 (1991).

■■ An additional reason given to support the exceptional sentence was that as a result of the multiple offense policy, Mr. Coats was essentially being punished for only five of his seven current offenses. A sentencing court may depart from the guidelines when the multiple offense policy results in a sentence that is clearly too lenient. Former RCW 9.94A.390(2)(g).[3] An exceptional sentence is justified when a defendant's multiple current offenses and high offender score results in some crimes going unpunished. *State v. Stephens*, 116 Wn.2d 238, 246, 803 P.2d 319 (1991); *State v. Holt*, 63 Wn. App. 226, 229-30, 817 P.2d 425 (1991).

Mr. Coats had an offender score of 12 and seven multiple current offenses. As a result, the court determined Mr. Coats was getting two free crimes. Public policy and the Sentencing Reform Act require full punishment for each offense. *Stephens*, 116 Wn.2d at 244-45. The court was justified in imposing an exceptional sentence on this basis.

The court based the additional 69 months imposed upon the sentencing grid. The court determined that the differ-

---

[3]This section has been recodified and is now located at RCW 9.94A.390(2)(i) pursuant to LAWS OF 1996, ch. 121, § 1, and ch. 248, § 2.

ence between an offender score of six and an offender score of nine for the seriousness level of Mr. Coats' crimes was 69 months. The court added 69 months to the high end of his sentence for a total of 240 months.[4] Although it was error to include the impact on the community or the level of criminality as a basis for an exceptional sentence, the court did give sufficient additional reasons to support the sentence. A remand would result in the same sentence and is therefore unnecessary.

We affirm.

SWEENEY, C.J., and SCHULTHEIS, J., concur.

Review denied at 132 Wn.2d 1003 (1997).

---

[4]The 69 months represented a three point difference in offender scores. Mr. Coats' offender score was three points higher than the maximum. The court applied the 69 months to the high end of the sentence in order to make up for the unpunished crimes caused by the "maxing out" of the sentencing grid. *See* RCW 9.94A.310.