[No. 49610-7-I.   Division One.   December 23, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. ANDREW JACKSON RAWLS, *Appellant*.

*Thomas M. Kummerow* (of *Washington Appellate Project*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Julie Dee Cook, Deputy*, for respondent.

AGID, J. — Andrew Rawls pleaded guilty to one count of second degree robbery. At sentencing, the trial court used his unscored juvenile convictions to impose an exceptional sentence upward. Rawls maintains the court erred in deviating from the standard range because (1) his prior convictions washed out for all sentencing purposes and (2)

future dangerousness is not an appropriate basis on which to impose an exceptional sentence. Prior convictions not counted in determining the standard range may still be used to enhance a sentence once the standard range has been determined. Here, the trial court based its departure solely on the unscored felony juvenile adjudications which it found distinguished Rawls from other defendants who have no prior record. We affirm because the court had a substantial and compelling reason justifying its departure from the standard range: his presumptive sentence would have been too lenient.

## FACTS

On July 24, 2001, the State charged Rawls with second degree robbery and possession of cocaine in violation of the Uniform Controlled Substances Act, chapter 69.50 RCW, and on October 3, 2001, Rawls pleaded guilty to one count of second degree robbery. Relying on *State v. Smith*,[1] he disputed the State's contention that his juvenile adjudications before his 15th birthday should be included in his offender score. At sentencing, the trial court agreed with Rawls, but it sua sponte found Rawls' uncounted juvenile history to be a substantial and compelling reason to impose an exceptional sentence above the standard range.

Rawls appealed, asserting that the court failed to enter written findings and conclusions in support of the exceptional sentence and that prior unscored juvenile adjudications do not provide a basis to impose an exceptional sentence. He also moved for accelerated review. A commissioner of this court granted his motion for accelerated review. She also remanded the case to the trial court for written findings and conclusions. Those have now been entered, so the sole issue is the validity of Rawls' sentence.

---

[1] 144 Wn.2d 665, 30 P.3d 1245, 39 P.3d 294 (2001).

## DISCUSSION

Under the Sentencing Reform Act of 1981, chapter 9.94A RCW, a trial court must impose a sentence within the standard range for the offense[2] unless the court finds substantial and compelling reasons justifying an exceptional sentence.[3] Those reasons must be supported by the record and must legally support a departure from the standard range. The sentence may be neither excessive nor too lenient.[4]

In imposing the exceptional sentence based on Rawls' juvenile record, the trial court relied on *State v. McAlpin*,[5] where the Supreme Court held that juvenile adjudications may be considered as a basis for an exceptional sentence. Rawls first argues that *McAlpin* does not survive *State v. Cruz*,[6] *State v. Keller*,[7] and *Smith*[8] because unscored convictions can no longer be used as a basis to impose an exceptional sentence. He also asserts that *McAlpin* does not survive *State v. Barnes*[9] and *State v. Hicks*[10] because future dangerousness is no longer a justifiable basis on which to impose an exceptional sentence in a robbery case. We reject both contentions.

■■ Relying on *Smith*, *Cruz*, and *Keller*, Rawls first argues that because his prior convictions could not be counted since they had washed out, they also could not be used to enhance his sentence. His assertion is flawed. Rawls reads too much into these decisions. They merely

---

[2] Former RCW 9.94A.120(1) (2000).

[3] Former RCW 9.94A.120(2) (2000).

[4] *State v. Sweet*, 138 Wn.2d 466, 483, 980 P.2d 1223 (1999); former RCW 9.94A.210(4) (2000), *recodified as* RCW 9.94A.585(4).

[5] 108 Wn.2d 458, 740 P.2d 824 (1987).

[6] 139 Wn.2d 186, 985 P.2d 384 (1999).

[7] 143 Wn.2d 267, 19 P.3d 1030 (2001), *cert. denied*, 534 U.S. 1130 (2002).

[8] 144 Wn.2d 665.

[9] 117 Wn.2d 701, 818 P.2d 1088 (1991).

[10] 77 Wn. App. 1, 888 P.2d 1235 (1995).

stand for the proposition that unscored convictions cannot be used in determining the *offender score*. They do not preclude using unscored convictions to impose an exceptional sentence. In *State v. Deman*, this court stated that "*Cruz* does not hold that a washed out conviction must be disregarded for all sentencing purposes . . . ."[11] The *Deman* court reached the same conclusion in discussing *Keller*.[12] We agree that none of the cases dealing with washed-out convictions go as far as Rawls argues they do, and certainly none of them overrules *McAlpin*, either directly or indirectly.

If we were to adopt Rawls' interpretation of cases like *Cruz* and *Keller*, it would be tantamount to saying washed-out convictions are also expunged from the offender's record. When convictions are expunged, they cease to exist and cannot be used for any purpose.[13] That is what Rawls argues is the effect of a washed-out conviction. But we are required to give meaning to both the wash-out and expungement statutes.[14] In order to do so, we must hold that washed-out convictions may still be considered as a basis for an exceptional sentence.[15]

Washed-out convictions are more analogous to convictions that are uncounted because of the statutory maximum offender score rule. Under RCW 9.94A.310, a defendant's offender score can be no higher than 9, no matter how many convictions he actually has. But the trial court may still impose an exceptional sentence based on the uncounted convictions on the same rationale the trial court used here.[16] To do otherwise would result in a sentence that was

---

[11] 107 Wn. App. 98, 102, 26 P.3d 296 (2001), *review denied*, 145 Wn.2d 1016 (2002).

[12] *Id.* at 102-03.

[13] *See* RCW 10.97.060; RCW 13.50.050.

[14] *City of Seattle v. State*, 136 Wn.2d 693, 698, 965 P.2d 619 (1998).

[15] *See State v. T.K.*, 139 Wn.2d 320, 987 P.2d 63 (1999).

[16] *See State v. Stephens*, 116 Wn.2d 238, 803 P.2d 319 (1991); *State v. Holt*, 63 Wn. App. 226, 817 P.2d 425 (1991).

too lenient because the offender would not be punished for his additional crimes.[17]

Based on his premise that *Smith*, *Cruz*, and *Keller* overruled the part of *McAlpin* permitting reliance on unscored juvenile crimes, Rawls concludes that the trial court's reliance on *McAlpin* must mean that his exceptional sentence was based on a finding of future dangerousness, the other aspect of the *McAlpin* holding. In *McAlpin*, the Supreme Court upheld the trial court's reliance on unscored prior juvenile offenses to support a finding that the defendant was a danger to the community and impose an exceptional sentence on that ground. Rawls argues that *Barnes* and *Hicks* overruled that aspect of *McAlpin* as well. In *Barnes*, the Supreme Court held that a sentencing court in a nonsexual offense case could not base an exceptional sentence on a finding that the defendant poses a future danger to reoffend.[18] And the *Hicks* court held that the trial court could not consider prior criminal history because the trial judge said the defendant had a strong proclivity to commit the crimes for which he was being sentenced. We interpreted that as a prediction that *Hicks* would reoffend and thus a finding of future dangerousness, a sentencing criterion prohibited by the *Barnes* decision.[19]

We do not need to decide in this case whether *McAlpin* survives *Barnes* and *Hicks* because the trial court here made it clear that ignoring Rawls' prior juvenile offenses would result in a sentence that did not reflect his level of culpability for the current offense when compared to other defendants with the same offender score but no prior criminal history. The trial court found that "[t]he existence of these felony juvenile adjudications distinguishes the defendant from those individuals who have no prior record at all." At sentencing, the trial court stated:

---

[17] *Stephens*, 116 Wn.2d at 245.

[18] *Barnes*, 117 Wn.2d at 711-12.

[19] *Hicks*, 77 Wn. App. at 5.

> I am going to impose 30 months predicated on the fact that he has uncounted or juvenile offenses that aren't factored into his current standard range, and I think that's a substantial and compelling basis for deviating from the standard range in this case. . . .

And in instructing the prosecutor to prepare the written findings and conclusions, the court stated that the findings "simply need to reflect the prior uncounted juvenile history, and that was my sole intent." Because the trial court did not rely on future dangerousness to impose an exceptional sentence, we do not consider this argument further.

The trial court found Rawls had four unscored adjudications. A defendant's prior history of unscored convictions is a substantial and compelling reason to support an exceptional sentence.[20] Rawls' unscored criminal history would have resulted in a presumptive sentence that was too lenient. The court's rationale is therefore consistent with *McAlpin* and other cases where exceptional sentences were upheld.[21]

Finally, Rawls contends this court should remand for resentencing because the trial court failed to distinguish his crime from others in the same statutory category.[22] He relies on *State v. Fowler*[23] in support of his position. But *Fowler* is also inapposite. There, the Supreme Court affirmed our ruling reversing Fowler's exceptional sentence downward because the trial court's rationale for mitigating the defendant's sentence was not substantial and compel-

---

[20] *State v. Ratliff*, 46 Wn. App. 325, 332, 730 P.2d 716 (1986), *review denied*, 108 Wn.2d 1002 (1987).

[21] *See, e.g., State v. Oksoktaruk*, 70 Wn. App. 768, 774, 856 P.2d 1099 (1993) (court's reliance on two washed-out convictions as aggravating factors upheld in part because the "convictions demonstrate Oksoktaruk's far-reaching history of criminal activity which merits treating him differently from defendants with similar offender scores"). While the court also mentioned the similarity among Oksoktaruk's prior and current convictions, it did not rely on the fact that they were related to uphold the exceptional sentence. We reject Rawls' argument to the contrary.

[22] *State v. Gaines*, 122 Wn.2d 502, 509, 859 P.2d 36 (1993) (citing *State v. Grewe*, 117 Wn.2d 211, 216, 813 P.2d 1238 (1991)).

[23] 145 Wn.2d 400, 38 P.3d 335 (2002).

ling. But here we have held that the trial court's ruling imposing an exceptional sentence based on unscored prior offenses is substantial and compelling. Accordingly, *Fowler* does not apply.

Affirmed.

COLEMAN and ELLINGTON, JJ., concur.

Reconsideration denied January 15, 2003.