[No. 12676-1-II. Division Two. August 1, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. CLARK L. STUHR, *Appellant.*

*Michael D. Smith,* for appellant (appointed counsel for appeal).

*Michael J. Sullivan, Prosecuting Attorney,* for respondent.

REED, J.—Clark Stuhr appeals an exceptional sentence for first degree murder. He contends that the trial court erred in finding the following aggravating factors: abuse of a position of trust, vulnerability of the victim, future dangerousness to the community, and lack of remorse. We agree that the court erred both in finding a breach of trust and that Stuhr presented a danger to the community. Nevertheless, finding that the remaining factors are supported by the record and are sufficient under the law, we uphold the exceptional sentence.

Pending sentencing for a burglary conviction, Stuhr was living in the home of his 80–year–old victim, John Mitchell. Mitchell was legally blind in his right eye, with only partial vision in his left eye. Stuhr knew of these disabilities and that Mitchell was ill on the night of the murder.

On that night, Stuhr and Mitchell argued while the latter was sitting on his bed in a state of undress. Stuhr struck the victim from his blind side with a heavy object, splitting the bridge of his nose. Attempting to stem the flow of blood, the victim walked from the bedroom to the kitchen sink, followed by Stuhr. As the victim turned from the sink Stuhr shot him in the head from less than 12 inches away.

Stuhr pleaded guilty to first degree murder. At sentencing, the court considered testimony from several witnesses, and a written psychological evaluation. The trial court entered findings that Stuhr: (1) knew or should have known of his victim's particular vulnerability (age, illness, and poor vision); (2) occupied a position of trust that facilitated the murder; (3) posed an extreme danger to the community and was a high risk for committing felonious acts in the future; and (4) lacked remorse. Based on those findings, the court imposed an exceptional sentence of 425 months; the standard range would have been 250 to 333 months.

Substantial and compelling reasons must exist before a trial court can impose an exceptional sentence. Former

RCW 9.94A.122; *State v. Nordby,* 106 Wn.2d 514, 516, 723 P.2d 1117 (1986). Such a sentence will be affirmed unless the reasons provided by the judge are not supported by the record, do not justify an exceptional sentence, or the sentence is clearly excessive. *Nordby,* 106 Wn.2d at 517. Whether a reason is supported by the record is a factual determination and will be upheld by a reviewing court unless clearly erroneous. *Nordby,* 106 Wn.2d at 517–18.

Stuhr argues that the mere fact of his status as a guest in the victim's home does not alone place him in a position of trust. *See* RCW 9.94A.390(2)(c)(iv).[1] We agree. An abuse of a position of trust can occur in circumstances involving noneconomic offenses. *See State v. Davis,* 47 Wn. App. 91, 734 P.2d 500, *review denied,* 108 Wn.2d 1029 (1987);[2] *State v. Harp,* 43 Wn. App. 340, 717 P.2d 282 (1986). However, there is absolutely nothing to show that Stuhr's status as a houseguest was used to facilitate his commission of this murder; rather, it merely placed him in close proximity to his victim at a time when no one else was in the home. There is no evidence that the murder was planned, or that the defendant inveigled his way into the household to further some hidden purpose to harm Mitchell. If we were to conclude that this tenuous, transient relationship equates with enjoying a position of trust and confidence, it is difficult to say where the line could be drawn. Any relationship that provides an opportunity for the commission of this type of crime could not be excluded. Again, there is no evidence that Stuhr was acting as a caretaker for the victim or had been left alone with him because the victim or his family reposed some particular trust or confidence in Stuhr. The finding that defendant used his

---

[1]RCW 9.94A.390(2)(c)(iv) reads as follows:

"The defendant used his or her position of trust, confidence, or fiduciary responsibility to facilitate the commission of the current offense."

[2]Although several later cases cite *Davis* for this proposition, a close reading of *Davis* discloses that the trust factor was not an issue on appeal.

position of trust to facilitate the murder is clearly erroneous. *See State v. Pimentel,* 55 Wn. App. 569, 779 P.2d 268 (1989).

■ Stuhr argues that there is no evidence to support the trial court's finding that he poses an extreme danger to the community or that he presents a high risk for committing felonious acts in the future. We agree. The trial court's finding is based on a psychologist's report and Stuhr's limited prior criminal history consisting of one felony conviction for first degree burglary, one misdemeanor conviction for theft, and a guilty plea for being under the influence of alcohol. In our view, these prior convictions are insufficient upon which to base a finding either that Stuhr poses an extreme danger to the community or that he is a high risk for committing other felonious acts. *See State v. Payne,* 45 Wn. App. 528, 533, 726 P.2d 997 (1986). As a result, that finding is clearly erroneous.

■ Stuhr argues that neither remorse nor lack of it is listed as an aggravating factor. RCW 9.94A.390. However, the factors enumerated are intended to be illustrative only and are not exclusive. Another division of this court has held that lack of remorse is an aggravating factor. *State v. Creekmore,* 55 Wn. App. 852, 862, 783 P.2d 1068 (1989), *review denied,* 114 Wn.2d 1020 (1990); *see also State v. Lewis,* 385 N.W.2d 352, 356–57 (Minn. Ct. App. 1986). We agree with this view.

Stuhr argues that his apology immediately prior to sentencing contradicts the trial court's finding that he exhibited no remorse. Prior to sentencing, Stuhr's psychologist concluded that Stuhr had "a lack of empathy for others, little regard for the rules of society, lack of remorse for harm done to others." Stuhr, who claimed that he had killed a dog the same night he killed the victim, told the doctor he felt more sorry for the dog. Based on that evidence, the trial court's finding that Stuhr lacked remorse was not clearly erroneous.

■■ RCW 9.94A.210(4) also requires this court to determine whether the sentencing judge's reasons justify

the imposition of an exceptional sentence. Although we have rejected two of the reasons given by the trial court, the sentence should stand. The victim's vulnerability due to age, illness and poor vision, and Stuhr's lack of remorse are substantial and compelling reasons to justify the sentence. "If the victim of an offense was particularly vulnerable due to advanced age, then that fact may, as a matter of law, be used to justify the imposition of an exceptional sentence." *State v. Clinton,* 48 Wn. App. 671, 676, 741 P.2d 52 (1987).

Lastly, Stuhr argues that restitution is excused where an exceptional sentence is imposed. "Restitution shall be ordered . . . unless extraordinary circumstances exist which make restitution inappropriate in the court's judgment, and the court sets forth such circumstances in the record." RCW 9.94A.142(2). The imposition of an exceptional sentence is not an "extraordinary circumstance" within the meaning of the statute. Similarly, Stuhr's argument that the inability or likelihood of paying restitution constitutes an extraordinary circumstance has no merit.

Affirmed.

ALEXANDER, C.J., and PETRICH, J., concur.

Reconsideration denied September 11, 1990.

Review denied at 116 Wn.2d 1005 (1991).