[No. 57812-5.    En Banc.    August 1, 1991.]

THE STATE OF WASHINGTON, *Petitioner,* v. CHARLES STEVEN GREWE, *Respondent.*

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for petitioner.

*Eric Broman* of *Washington Appellate Defender Association,* for respondent.

DOLLIVER, J. — Defendant, Charles S. Grewe, has been convicted of two counts of indecent liberties and one count of attempted first degree statutory rape. The trial court concluded defendant used a position of trust to commit the crimes and a sentence within the standard range would clearly be too lenient. Based on these aggravating factors, the trial court imposed an exceptional sentence of 60 months on each count to be served concurrently. This appeal focuses exclusively on the propriety of the exceptional sentences.

When defendant committed the acts leading to the indecent liberties convictions, he was employed as a school bus driver for Silver Lake Elementary School. Both instances of indecent liberties occurred when the victims were either waiting for or riding on defendant's school bus. The indecent liberties victims were both age 11 at the time of the incidents.

The attempted statutory rape victim was an 8-year-old girl who lived next door to defendant. The victim and

other neighborhood children often went to defendant's house to play with his piano and computer. On one occasion when the victim was alone in the house with defendant, he placed his hand inside the victim's pants and attempted to put his finger into her vagina. The victim hit defendant in the face and ran away.

The Court of Appeals found the trial court improperly considered uncharged incidents in imposing the exceptional sentences and vacated the sentences and remanded defendant for resentencing. *State v. Grewe*, 59 Wn. App. 141, 796 P.2d 438 (1990). The State does not challenge this conclusion. The State does challenge the Court of Appeals' conclusion that abuse of a position of trust may not properly be considered as an aggravating factor for the indecent liberties convictions because it was already taken into consideration in establishing the standard sentence range. *Grewe*, 59 Wn. App. at 150. Defendant challenges the Court of Appeals' conclusion that with respect to the statutory rape conviction abuse of a position of trust was supported by the evidence. *Grewe*, 59 Wn. App. at 148.

■ Under the Sentencing Reform Act of 1981 (SRA), a trial court must impose a sentence within the standard range unless it finds substantial and compelling reasons to justify a departure. RCW 9.94A.120(2), (3); *State v. Pryor*, 115 Wn.2d 445, 450, 799 P.2d 244 (1990). Appellate review of an exceptional sentence involves a 3-step process: (1) are the trial court's reasons supported by the record, (2) do the stated reasons justify an exceptional sentence as a matter of law, and (3) did the trial court abuse its discretion by imposing a sentence that is "clearly excessive" or "clearly too lenient"? *State v. Nordby*, 106 Wn.2d 514, 517-18, 723 P.2d 1117 (1986); *State v. Oxborrow*, 106 Wn.2d 525, 529-30, 723 P.2d 1123 (1986). Either the defendant or the State may appeal an exceptional sentence. RCW 9.94A.210(2). The State's

challenge with respect to the indecent liberties sentences focuses on step (2). Defendant's challenge with respect to the statutory rape sentence focuses on step (1).

### 1. Indecent Liberties and Abuse of a Position of Trust

Defendant was convicted of indecent liberties under former RCW 9A.44.100(1), which provided four distinct means by which a person could commit the crime:

(a) By forcible compulsion; or

(b) When the other person is less than fourteen years of age; or

(c) When the other person is less than sixteen years of age and the perpetrator is more than forty-eight months older than the person *and is in a position of authority over the person*; or

(d) When the other person is incapable of consent by reason of being mentally defective, mentally incapacitated, or physically helpless.

(Italics ours.) Defendant was charged and convicted under former RCW 9A.44.100(1)(b). Nevertheless, the Court of Appeals concluded abuse of a position of trust was not an appropriate aggravating factor for sentencing. The Court of Appeals looked to former RCW 9A.44.100(1)(c), which did expressly require a position of authority, and concluded the Legislature had already considered the abuse of a position of trust when establishing the standard sentence range for the indecent liberties statute as a whole. *Grewe*, 59 Wn. App. at 149.

█ The Court of Appeals' ruling addresses the legal adequacy of the asserted aggravating factor. We review such a determination using a "matter of law" standard. *State v. Dunaway*, 109 Wn.2d 207, 218, 743 P.2d 1237, 749 P.2d 160 (1987).

█ In our review as to the legal adequacy of an aggravating factor, we employ a 2-part analysis. First, a trial court may not base an exceptional sentence on factors necessarily considered by the Legislature in estab-

lishing the standard sentence range. Second, the asserted aggravating factor must be sufficiently substantial and compelling to distinguish the crime in question from others in the same category. *Dunaway*, 109 Wn.2d at 218-19; *Nordby*, 106 Wn.2d at 518; *State v. Dunivan*, 57 Wn. App. 332, 337, 788 P.2d 576 (1990).

Defendant does not challenge the existence of a position of trust, nor that an abuse of a position of trust may be a proper aggravating factor in some situations. *See State v. Oxborrow*, 106 Wn.2d at 529 (theft by deception); *State v. Creekmore*, 55 Wn. App. 852, 862, 783 P.2d 1068 (1989) (felony murder), *review denied*, 114 Wn.2d 1020 (1990); *State v. Strauss*, 54 Wn. App. 408, 420-21, 773 P.2d 898 (1989) (rape). Abuse of a position of trust has been expressly extended to apply to sexual offense cases. *Pryor*, 115 Wn.2d at 451; *State v. Harp*, 43 Wn. App. 340, 343, 717 P.2d 282 (1986). Nevertheless, defendant argues abuse of a position of trust is not an appropriate aggravating factor for an indecent liberties conviction because one of the four alternative methods of committing the crime includes a position of authority as an element.

The essential question here is whether, in setting the standard sentencing range for indecent liberties, the Legislature considered the alternative forms of the crime individually or collectively. Defendant argues that because the Legislature established the same seriousness level for alternative forms (b), (c), and (d) of indecent liberties, the Legislature necessarily considered the elements of alternative method (c) in establishing the standard sentence range for alternative (b). *See* former RCW 9.94A.320.

■ This analysis, however, requires a strained interpretation of the statute. Given the existence of defendant's position of authority as a school bus driver, he could have been charged under either alternative (b) or (c). However, since both indecent liberties victims were under the age of 14, the prosecutor elected to proceed solely under alternative (b) because it required proof of fewer elements. Under

former RCW 9A.44.100(1)(b), a position of trust or authority was not required — the crime could be committed equally by a stranger or a person in a position of trust. A position of trust becomes relevant only when the victim is between the ages of 14 and 16. The Legislature itself created this distinction. Therefore, the Legislature did not likely consider the abuse of a position of trust in setting the standard sentence range for alternative (b). The cases cited for support by the Court of Appeals are not applicable because each involves double counting of an element of the crime actually charged, not an alternative method of committing the same crime. *See Grewe*, 59 Wn. App. at 149.

Although the case is not cited for this purpose by either of the parties or the court below, we have already spoken directly on this subject. In *State v. Fisher*, 108 Wn.2d 419, 739 P.2d 683 (1987), we reviewed four aggravating factors supporting an exceptional sentence for indecent liberties under this very statute. One of those aggravating factors was abuse of a position of trust. Although we failed to reach the question of whether the evidence was sufficient to support the existence of the relationship, we did state in dicta that abuse of a position of trust was an appropriate aggravating factor for indecent liberties under former RCW 9A.44.100(1)(b). *Fisher*, 108 Wn.2d at 427. Division Two of the Court of Appeals has also accepted abuse of a position of trust as an aggravating factor for an indecent liberties conviction under former RCW 9A.44.100(1)(b). *State v. Brown*, 55 Wn. App. 738, 754, 780 P.2d 880 (1989), *review denied,* 114 Wn.2d 1014 (1990); *Harp*, 43 Wn. App. at 343. Therefore, although none of the parties discuss these cases, the issue has largely been settled.

By drafting alternative forms of the same crime, the Legislature manifested its belief a particular crime could be achieved by distinct combinations of elements. Where a single criminal act includes all of the elements of one form of the crime as well as additional discrete elements from an alternative form, the crime exceeds that contem-

plated by the Legislature. In drafting former RCW 9A.44-.100(1), the Legislature viewed a position of authority as a necessary element only where the victim is between the ages of 14 and 16. Where a position of trust is abused when a child is under 14, a crime exceeding the Legislature's contemplation has been committed meriting an exceptional sentence. We reverse the Court of Appeals on this issue.

### 2. Statutory Rape Sentence

The trial court also found abuse of a position of trust to justify an exceptional sentence for the statutory rape conviction. The Court of Appeals affirmed. *Grewe*, 59 Wn. App. at 148. Defendant challenges this conclusion and argues his relationship with the victim was insufficient to establish a position of trust.

Defendant's challenge asks for a factual determination. Therefore, we apply a clearly erroneous standard to the trial court's findings. *State v. Nordby*, 106 Wn.2d 514, 517-18, 723 P.2d 1117 (1986). We will reverse the trial court's findings only if no substantial evidence supports its conclusion. *Burba v. Vancouver*, 113 Wn.2d 800, 807, 783 P.2d 1056 (1989).

The two factors to be considered in determining whether defendant abused a sufficient position of trust to merit an exceptional sentence are the duration and the degree of the relationship. *Fisher*, 108 Wn.2d at 427. In *Fisher*, the defendant sexually assaulted a 5½-year-old boy who asked the defendant to accompany him to the rest room. The victim testified that either his father or mother usually accompanied him to the rest room. *Fisher*, 108 Wn.2d at 427. However, the victim met the defendant only a few days prior to the incident while swimming in the pool at his grandparents' trailer court. We concluded that whether the evidence was sufficient to find the defendant had abused a position of trust was "a close question". *Fisher*, 108 Wn.2d at 427. Although we never settled that question, we did suggest,

A relationship extending over a longer period of time, or one within the same household, would indicate a more significant trust relationship, such that the offender's abuse of that relationship would be a more substantial reason for imposing an exceptional sentence.

*Fisher*, 108 Wn.2d at 427.

In this case, the victim had known defendant for approximately 4 months prior to the crime. Furthermore, during that time, the victim was a frequent visitor in defendant's home where she played with defendant's computer and piano. Therefore, the relationship here exceeded that in *Fisher*. Based on our dicta in *Fisher*, this record presents substantial evidence to support the trial court's finding defendant abused a position of trust.

Our conclusion is consistent with previous decisions from the Court of Appeals. While we have considered the evidence necessary to establish a position of trust only once, the Court of Appeals has considered the question several times. In one of the first cases to consider abuse of a position of trust as an aggravating factor in a noneconomic setting, Division One of the Court of Appeals adopted a very broad, inclusive standard. The court concluded a position of trust did not require a degree of trust "significantly greater than that involved in the usual social or business relationship." *State v. Jackmon*, 55 Wn. App. 562, 568, 778 P.2d 1079 (1989).

More recently, the Court of Appeals has guarded against attempts to render the definition of a position of trust overly inclusive. The most significant of these cases for our purposes is *State v. Brown*, 60 Wn. App. 60, 802 P.2d 803 (1990), *review denied*, 116 Wn.2d 1025 (1991). *Brown* involved review of an assault conviction sentence in which the Court of Appeals refused to find a sufficient relationship of trust between an 11-year-old boy and his father. The court interpreted our decisions in *Pryor*, 115 Wn.2d at 451 and *Fisher*, 108 Wn.2d at 427 as well as *Harp*, 43 Wn. App. at 343, to focus on the trust relationship between the primary care giver and the perpetrator

to whom the child's care was entrusted. *Brown*, 60 Wn. App. at 74-76. Therefore, the court concluded the only position of trust relevant to exceptional sentences in crimes perpetrated by adults against children is that between the perpetrator and the primary care giver who entrusts the child's care to the perpetrator, not the trust relationship between the child victim and the perpetrator. We disagree.

■ While we share the Court of Appeals' belief not every crime committed by a parent against a child involves an abuse of a position of trust, we do not approve of the court's exclusive focus on the trust between the primary care giver and the adult perpetrator. Although the trust between the primary care giver and the perpetrator may also give rise to a trust relationship subject to abuse, that relationship is secondary to the trust between the perpetrator and the child victim. It is the trust between the perpetrator and the victim which renders the victim particularly vulnerable to the crime. *See State v. Shephard*, 53 Wn. App. 194, 199, 766 P.2d 467 (1988) (discussed in *Brown*, 60 Wn. App. at 75).

■ Defendant also cites *State v. Stuhr*, 58 Wn. App. 660, 794 P.2d 1297 (1990) and *State v. Campas*, 59 Wn. App. 561, 799 P.2d 744 (1990) to argue the relationship here was insufficient to establish a position of trust. In *Stuhr*, the court refused to find a position of trust where defendant was living in the home of his 80-year-old, legally blind victim. The court concluded:

> If we were to conclude that this tenuous, transient relationship equates with enjoying a position of trust and confidence, it is difficult to say where the line could be drawn.

*Stuhr*, 58 Wn. App. at 663. Similarly, in *Campas*, the court refused to find a position of trust where the defendant met the victim in a bar on the night of the crime and later murdered the victim when the victim took the defendant to her home. *Campas*, 59 Wn. App. at 567. The State argues with substantial merit that the defendant's

4-month relationship with the victim here exceeded that in either *Stuhr* or *Campas*. However, the element which truly distinguishes this case is the victim's age. The case law of this state consistently acknowledges children as among the most vulnerable members of society. *Fisher*, 108 Wn.2d at 424; *Brown*, 55 Wn. App. at 753-54. One aspect of children's extreme vulnerability is their tendency to trust. *See Shephard*, 53 Wn. App. at 199. Arguably, defendant preyed upon this tendency by luring the victim into his house to play with his piano and computer, thereby establishing a relationship of trust. We cannot say the trial court's finding that defendant abused a position of trust when he committed the attempted statutory rape was clearly erroneous. Therefore, the Court of Appeals must be affirmed on this issue.

Although we have approved the aggravating factors challenged here, the Court of Appeals also determined the trial court improperly considered three uncharged crimes in imposing the exceptional sentence. Because of this, three of the seven findings of fact entered by the trial court to support the exceptional sentence were invalidated. *Grewe*, 59 Wn. App. at 146. The Court of Appeals remanded for resentencing on this basis alone. *Grewe*, 59 Wn. App. at 151. Neither party challenges this conclusion. Therefore, remand for resentencing is still required.

DORE, C.J., and UTTER, BRACHTENBACH, ANDERSEN, DURHAM, SMITH, GUY, and JOHNSON, JJ., concur.