[No. 11843-6-III.    Division Three.    March 16, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. PATRICK HENRY COLLINS, *Appellant.*

*Douglas H. Strand* and *O'Coyne & Phillips,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Kevin M. Korsmo, Deputy,* for respondent.

MUNSON, J. — Patrick Collins appeals his exceptional sentence for first degree incest with his daughter, contending he did not violate the incest statute, RCW 9A.64.020,[1] because his daughter was a married adult over the age of 18; and the reasons given for the exceptional sentence are neither supported by the record nor justify the sentence. We remand for resentencing.

On May 21, 1991, 2½ years after the offense was committed, Patrick Collins was charged with first degree incest involving his youngest daughter, Shawn Adams. Mr. Collins is the natural father of Shawn and her three sisters.

On July 30, Mr. Collins entered a guilty plea. He included in his written statement on plea of guilty, CrR 4.2(g), the statement "I had sexual intercourse with 3 of my daughters." He denied force was used. The State indicated at this hearing Ms. Adams was prepared to testify her natural father had picked her up to visit relatives on the evening of her sister's wedding; after the visit he drove her to his home, gave her whiskey, handcuffed her to a chair, removed her clothing, and forced her to have sexual intercourse with him. Mr. Collins objects solely to the conclusion the sexual intercourse was forced. The presumptive sentencing range for Mr. Collins is 12 to 14 months' incarceration.

---

[1]RCW 9A.64.020 states:

"(1) A person is guilty of incest in the first degree if he engages in sexual intercourse with a person whom he knows to be related to him, either legitimately or illegitimately, as an ancestor, descendant, brother, or sister of either the whole or the half blood.
" . . . .
"(3) As used in this section, 'descendant' includes stepchildren and adopted children under eighteen years of age."

On August 30, a sentencing hearing was held. The court had before it a transcript of the hearing on plea of guilty as well as a presentence investigation (PSI) report. The report noted Mr. Collins admitted to the charged act as well as prior incestuous relationships with Shawn and her sisters. He was presently being counseled by Dr. Colson, who also believed Mr. Collins was amenable to treatment. The report recommended either a suspended 48-month exceptional sentence and imposition of the special sexual offenders sentencing alternative (SSOSA),[2] or if the court could not justify imposition of SSOSA, the high end of the standard range. Pursuant to the plea agreement, the State recommended the SSOSA because Mr. Collins had been found amenable to treatment. Shawn and two of her sisters spoke to the court in general terms about their past sexual activity with their father; they urged a long prison sentence. The fourth daughter declined the opportunity to speak to the court.

The court rejected the recommendation of an SSOSA sentence. Based on multiple incidents over a long period, abuse of a position of trust, and vulnerability of the victims, the court imposed an exceptional sentence of 48 months' incarceration and 2 years of community placement.

First, Mr. Collins contends he committed no crime because the State does not have a legitimate interest in prosecuting an adult for consensual intercourse with another adult based on a family relationship.

▮ Mr. Collins does not support his challenge with citation to any supporting legal authority.[3] His sole authority is *State v. Kaiser*, 34 Wn. App. 559, 663 P.2d 839, *review denied*, 100 Wn.2d 1004 (1983), which he recognizes does not support his position. In *Kaiser*, at 567, a stepfather was

---

[2]The State advised the court at the hearing, if SSOSA is appropriate, the court must impose a standard range sentence. RCW 9.94A.120(7)(a)(ii).

[3]Mr. Collins did not comply with the brief requirements of RAP 10.3(a). He failed to assign errors and state corresponding issues. RAP 10.3(a). He did not assign errors to each finding of fact, referenced by number. RAP 10.3(g). The issues are reviewable, however, because they are stated in the argument of the brief.

charged with first degree incest with his 16-year-old step-daughter. The court held a distinction based on consan-guinity or familial affinity is reasonable to protect against mutated birth, promote and protect family harmony, protect children from abusive parental authority and maintain an orderly society. *Kaiser*, at 566. RCW 9A.64.020(1), defining incest in the first degree, does not include an age limit in defining the applicable relationships. RCW 9A.64.020(3) does state a " 'descendant' includes stepchildren and adopted children under eighteen years of age." However, this age limitation applies only to stepchildren and adopted children, who are not true descendants in that they are not "of the blood" of the offender. Black's Law Dictionary 445 (6th ed. 1990). Therefore, Mr. Collins is in error when he contends the incest statute is restricted to those under the age of 18 within the designated relationship, except for stepchildren and adopted children.

██ ██ Next, Mr. Collins challenges the imposition of his 48-month exceptional sentence. Under RCW 9.94A.210(4), an exceptional sentence is reviewable on three grounds. Mr. Collins bases his objection on two of these: (1) under a "clearly erroneous" standard, whether the reasons for the exceptional sentence are supported by the record; and (2) whether "substantial and compelling" reasons justify the sentence as a matter of law. *State v. Grewe*, 117 Wn.2d 211, 214, 813 P.2d 1238 (1991).

First, Mr. Collins contends the reasons given by the court for the exceptional sentence are clearly erroneous. The court found

> [t]he victims . . . [were] all four of the defendant's daughters . . . The sexual contacts with each of his daughters, including the named victim Shawn Adams, began prior to the girls' eigh-teenth birthday[,] . . . when the girls were with their father on a variety of father-daughter outings. Each of the three inci-dents mentioned in the PSI regarding Shawn Adams, each time her father forced her to have sex with him in locations that she would not have found herself had the other person involved not been her father, i.e. motel rooms, his residence.

The findings are supported by the record.

Next, Mr. Collins challenges the adequacy of the reasons justifying the sentence. The court based its exceptional sentence on three aggravating circumstances: (a) multiple victims/multiple incidents; (b) particular vulnerability of the victims; and (c) abuse of position of trust.

A. Multiple Victims and Incidents. The dispositive issue for this appeal is whether the court's consideration of additional uncharged crimes against Mr. Collins was error under the "real facts" doctrine set forth in RCW 9.94A.370(2):

> Facts that establish the elements of a more serious crime or additional crimes may not be used to go outside the presumptive sentence range except upon stipulation or when specifically provided for in RCW 9.94A.390(2)(c), (d), and (e).

Former RCW 9.94A.390(2)(e), which was recodified as subsection (f) in Laws of 1990, ch. 3, § 603, provides:

> (e) The offense was part of an ongoing pattern of sexual abuse of the *same victim under the age of eighteen years* manifested by multiple incidents over a prolonged period of time . . .[.]

(Italics ours.) Unlike the nonexclusive list of aggravating circumstances in RCW 9.94A.390(2), the "real facts" doctrine is expressly restricted to the stated exceptions.

■ Ms. Adams was the sole victim of the charged offense. Under former RCW 9.94A.390(2)(e), the only aggravating circumstance relevant to a pattern of sexual abuse involves Ms. Adams, not her sisters. The State may only punish multiple incidents of sexual abuse with one victim and must charge and prove additional crimes with other victims who invoke the provision relating to multiple victims. *In re George*, 52 Wn. App. 135, 140, 758 P.2d 13 (1988).

The PSI report emphasized the sexual abuse of all the daughters. At sentencing, Mr. Collins' attorney commented on the questionable reliability of the uncharged incidents and objected to the court's reliance on those uncharged incidents involving the other daughters. In its brief the State agrees the trial court erred in considering the uncharged incest with the three other daughters as a basis for imposing

an exceptional sentence. We agree; the trial court appears to have been heavily influenced by Mr. Collins' admission of incestuous activity and the statements of three of his daughters.

Furthermore, the record is inconclusive as to the onset of Ms. Adams' sexual abuse prior to the age of 18. It may be the record could be clarified to support the finding of multiple acts, but it is difficult to tell from this record.

■ A remand for resentencing is necessary "when the trial court places significant weight on an inappropriate factor". *State v. Post*, 118 Wn.2d 596, 616, 826 P.2d 172, 837 P.2d 599 (1992) (quoting *State v. Pryor*, 115 Wn.2d 445, 456, 799 P.2d 244 (1990)). The court's consideration of the uncharged offenses permeated its findings. This is prejudicial error, even though Mr. Collins admitted to sexual intercourse with three of his daughters. There is nothing in the record to indicate how long ago these acts occurred or whether the statutes of limitation prevented charging. The record discloses no prior sex offense convictions.

Mr. Collins also contends the Legislature necessarily considered particular vulnerability and abuse of position of trust in setting the standard range sentence for incest, thus precluding its application here. Because these issues are likely to arise on remand, we address his contentions.

B. Particular Vulnerability. Vulnerability is an aggravating factor under RCW 9.94A.390(2)(b) when "[t]he defendant knew or should have known that the victim of the current offense was particularly vulnerable or incapable of resistance due to extreme youth, advanced age, disability, or ill health." In creating the crime of incest, the Legislature intended, in part, "to protect children from the abuse of parental authority", *Kaiser*, at 566. "The case law of this state consistently acknowledges children as among the most vulnerable members of society." *Grewe*, at 221. This indicates the Legislature considered the particular vulnerability of those children susceptible to parental authority, when setting the sentence for incest. However, the Legislature

may or may not have considered victim vulnerability in other types of familial relationships, such as parents who wield little or no authority over their adult children. Therefore, an incest case may or may not present facts which would allow reliance on particular vulnerability in imposing an exceptional sentence. The court may want to reexamine the facts as to this factor.

C. Position of Trust. Abuse of a position of trust for non-economic crimes is a recognized basis for an exceptional sentence, by analogy to RCW 9.94A.390(2)(c)(iv). *State v. Chadderton*, 119 Wn.2d 390, 398, 832 P.2d 481 (1992). First degree incest is not limited to acts between parents and children or adults and minors. RCW 9A.64.020(1) encompasses a variety of familial affinities, with a potential wide range of trusting relationships and vulnerabilities. The duration and degree of the relationship is a factor in deciding whether abuse of a position of trust is present. *Grewe*, at 218. For example, a parent who has abandoned a child for 5 years may not be in a position of trust or authority when the parent reappears in the child's life. Similarly, adult siblings may or may not be involved in positions of trust. Therefore, an incest case may or may not present facts which would support an abuse of trust in imposing an exceptional sentence. The court may want to reexamine the facts on remand.

The conviction is affirmed; the case is remanded for resentencing.

SHIELDS, C.J., and THOMPSON, J., concur.