IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32995-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GERALD W. MILLER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Gerald Miller appeals his conviction and exceptional minimum sentence for the first degree child molestation of his daughter, four-year-old G.M., arguing that counsel was ineffective in failing to raise a corpus delicti challenge to his numerous admissions to the crime. We affirm.

## FACTS

Mr. Miller was indicted in Georgia in 1999 on charges of incest, child molestation, and aggravated child molestation, involving his young daughter.[1] He reached a plea agreement by which he entered sexual offender treatment on the child molestation count

---

[1] The Georgia indictment also alleged that the prosecutor was seeking to introduce evidence that he had molested his stepdaughter in 1987.

and was placed on probation for five years; the other two counts were dismissed. After completing his probation in 2005, the charge was dismissed.

Mr. Miller married R.M., the mother of his daughters L.M. and G.M., in 2000. These two children were born in Colorado in 2006 and 2008. In 2011, the family moved from Colorado to Oakville, Washington. The incident giving rise to the charge at issue in this case occurred February 19, 2013.

The family was watching television together and Mr. Miller had G.M. on his lap. He was tickling the child. R.M. looked over and noticed that he was holding the child's leg with one hand and rubbing her vaginal area with fingers from his other hand through her clothing. R.M. decided it was time for G.M. to go to bed and sent her to bed. Two days later, R.M. took her two daughters and left for Yakima where she reported the incident to law enforcement and Child Protective Services.

Detective Darrin Wallace interviewed Mr. Miller at his workplace. Mr. Miller gave a written statement, admitting to touching both girls through their clothing on three occasions while tickling them. His description of the event was similar to R.M.'s description, but it was never tied to the specific charged February incident. In his statement he thought he needed additional treatment.

Mr. Miller was arrested about a week later. The prosecutor filed a single charge of child molestation in the first degree and also alleged the presence of two aggravating factors: the defendant abused a position of trust and the victim was particularly

2

vulnerable. During his incarceration, Mr. Miller told his cellmate about the allegations and admitted to him that he tickled his youngest daughter between the legs and obtained an erection from the behavior.

The matter proceeded to jury trial. Both R.M. and the cellmate testified as described, although the cellmate only testified in rebuttal. The detective read Mr. Miller's written statement to the jury; the statement itself also was admitted as an exhibit. Mr. Miller took the stand and denied molesting his daughter and denied making the statements attributed to him by the detective and the cellmate. He explained that he signed the written statement without reading it. The trial court declined to allow the prosecutor to cross examine Mr. Miller about the Georgia case, ruling that his testimony did not open the door to discussing that issue.

The jury convicted Mr. Miller as charged and found two aggravating factors: he abused a position of trust and the victim was particularly vulnerable. The trial court imposed an exceptional minimum term of 180 months in prison.[2] Mr. Miller then timely appealed.

---

[2] The trial court declined to count the Georgia case as a prior offense, sparing Mr. Miller life in prison as a persistent offender. The State has not cross appealed that ruling.

ANALYSIS

Mr. Miller's appeal challenges the admission of his statement, arguing that his counsel was ineffective for failing to object on corpus delicti grounds, and the imposition of an exceptional minimum sentence. We address first the ineffective assistance claim before turning to the sentencing contention.

*Ineffective Assistance of Counsel*

The effectiveness of counsel is judged by the two-prong standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). That test is whether or not (1) counsel's performance failed to meet a standard of reasonableness, and (2) actual prejudice resulted from counsel's failures. *Id.* at 690-92. In evaluating ineffectiveness claims, courts must be highly deferential to counsel's decisions and there is a strong presumption that counsel performed adequately. A strategic or tactical decision is not a basis for finding error. *Id.* at 689-91. When a claim can be disposed of on one ground, a reviewing court need not consider both *Strickland* prongs. *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726 (2007).

Washington uses the term corpus delicti in two distinct senses. *State v. Lopez Angulo*, 148 Wn. App. 642, 200 P.3d 752 (2009), *review denied*, 170 Wn.2d 1009 (2010). First, it can refer to the sufficiency of the evidence to support a conviction. *Id.* at 648. It can also refer to an evidentiary foundation requirement—before a confession is admitted

4

into evidence, there must be a prima facie showing that a crime occurred. *Id.* at 648-52. This second meaning, the evidentiary corpus delicti rule, is at issue here.

Mr. Miller argues that his counsel was ineffective in failing to assert an evidentiary corpus delicti objection to the admission of his statement. His contention fails for at least three reasons.

First, it is doubtful that the corpus delicti rule has application here. Miller was charged with molesting G.M., February 19, 2013. His statement admitted to molesting both daughters on at least three occasions. While his description of tickling the child and then touching her vagina was consistent with R.M.'s description of the charged incident, he did not expressly address that occasion in his statement. Indeed, the court heard argument from counsel about the statement at the beginning of trial since it covered multiple instances of touching. Report of Proceedings at 4-7. The court excluded the Georgia case on ER 404(b) grounds, but ruled that Mr. Miller's statement was admissible under that rule.[3] *Id.* at 7-12. The parties and the court clearly saw the statement as addressing more than just the charged incident. Given the lack of express reference to the February 19 incident, it is difficult to consider this statement a confession or admission to the charged offense that would even be subject to the evidentiary corpus delicti rule. It is understandable that counsel did not raise the argument.

---

[3] Mr. Miller has not challenged that ruling in this appeal.

A second reason that the appellate claim fails is our decision in *Lopez Angulo*. There we expressly rejected the same contention that Mr. Miller makes here—that the State had to establish every element of the offense before the statement could be admitted.[4] 148 Wn. App. at 656-57. Instead, as in homicide cases, the corroborating evidence need only establish the gravamen of the offense. *Id.* at 656. In the case of child sex abuse, there need only be a showing of a sexual act with a minor. *Id.*

In this case, R.M.'s testimony was sufficient to make the necessary showing. Her testimony established purposeful touching of the victim's intimate area. That was sufficient foundation to admit the defendant's statement.[5] Trial counsel could not have successfully objected on the basis Miller now alleges. Counsel did not fail to perform effectively.

Finally, we note an important tactical reason for avoiding this issue. The State had evidence that Mr. Miller had previously offended in Georgia against another daughter and was alleged to have molested a stepdaughter prior to that. If a successful objection

---

[4] Thus, effectively rendering a confession admissible only if it is unnecessary to the State's case. This approach also denies the State the natural inference that the purpose of sexual touching is sexual gratification. *E.g.*, *State v. Land*, 172 Wn. App. 593, 601, 295 P.3d 782 (2013).

[5] Even under Mr. Miller's theory of corpus delicti, the State did produce evidence of sexual gratification by the cellmate's testimony. The testimony came after the statement was admitted, but still corroborates that element.

had been lodged here in a timely manner, typically before trial, the court might have reconsidered its exclusion of the prior Georgia matters as a method of proving the defendant's intent while touching his child. This was a risk that counsel might very wisely decide was not worth taking. For this reason, too, the decision to not challenge the statement on corpus delicti grounds did not indicate that counsel failed his client.

For all three reasons, the claim of ineffective assistance fails.

*Exceptional Minimum Sentence*

Mr. Miller also challenges his exceptional minimum sentence, arguing that the evidence did not support the jury's findings. Properly viewed, the evidence did allow the jury to find both aggravating factors.

A factual challenge is reviewed on appeal under the clearly erroneous standard. *State v. Grewe*, 117 Wn.2d 211, 218, 813 P.2d 1238 (1991). The finding will be reversed only if no substantial evidence supports it. *Id.*

To establish the abuse of a position of trust aggravating factor, there must be evidence that the defendant was in a position of trust relative to the victim, and that the defendant used that position to facilitate the commission of the crime. RCW 9.94A.535(3)(n). In determining whether the defendant was in a position of trust the court should look to the duration and degree of the relationship to determine whether the defendant was in a position of trust. *Grewe*, 117 Wn.2d at 218. The court must then

determine whether the defendant used that position to facilitate the commission of the crime. *State v. Bedker*, 74 Wn. App. 87, 95, 871 P.2d 673 (1994).

Here, Mr. Miller was a father and caregiver to the victim for the entirety of her life (more than four years). This establishes that he was in a position of trust relative to the victim. The evidence presented here also indicates that in his caregiving role he would play with his children and surreptitiously molest them under the guise of tickling.[6] According to his confession the molestations only occurred because of momentary lapses of judgment in situations where the molestation could be accomplished with extreme ease. These situations only occurred because of his position of trust relative to his daughters. Consequently, there was evidence to support a finding that he abused a position of trust to facilitate the commission of the crime of child molestation.

The other aggravating factor found by the jury was that the victim was particularly vulnerable. To support this finding there must have been evidence that Mr. Miller knew or should have known that G.M. was either particularly vulnerable or was incapable of resistance. RCW 9.94A.535(3)(b). Extreme youth alone can support such a finding,

---

[6] Appellant argues that Mr. Miller's fatherhood merely created an opportunity, pointing to *State v. P.B.T.* for the proposition that "[m]ere opportunity created by a person's position is not enough from which to conclude that the position of trust facilitated the commission of the crime." *State v. P.B.T.*, 67 Wn. App. 292, 304, 834 P.2d 1051 (1992). However, *P.B.T.* does not aid Mr. Miller. There the court allowed an inference that where the perpetrator enjoyed a position of trust with respect to the victim, it was a logical inference that the position of trust was used to facilitate the crime. *Id.* at 305.

even where age of the victim is an element of the crime. *State v. Fisher*, 108 Wn.2d 419, 425, 739 P.2d 683 (1987); *State v. Stevens*, 58 Wn. App. 478, 794 P.2d 38 (1990) (holding a seven year old as particularly vulnerable because of her youth alone). The pertinent inquiry is whether the evidence distinguishes the victim from other victims of the same crime. *Fisher*, 108 Wn.2d at 424-25.

Here, we not only have a four year old victim, but the record also indicates that the victim was unable to provide any statement concerning the crime and that the victim was likely unaware that the touching was improper at all. Thus, there are multiple evidentiary bases for determining that G.M. was particularly vulnerable.

The record supports the jury's findings.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

I CONCUR:

Siddoway, C.J.

9

No. 32995-0-III

FEARING, J.—(concurrence) I concur in the majority's ruling, including the ruling that Gerald Miller did not receive ineffective assistance of counsel. I write separately because I disagree with one of the grounds on which the majority holds that trial counsel was not ineffective.

The majority writes that the confession uttered to Detective Darrin Wallace is not barred by the corpus delicti evidentiary rule because Gerald Miller's confession to touching his daughter's vagina did not expressly reference the February 19, 2013 incident for which the State charged Miller. The record is not clear as to whether Miller's confession was to his conduct on February 19 but he did not put a date on the conduct, or whether Miller confessed to criminal conduct on one or more other dates. The majority may propose that evidentiary rules do not apply to the State's introduction of testimony regarding a confession to a crime, if the accused never dates the crime confessed.

The State never argued this point before the trial court and does not forward this contention on appeal. We should not base our decision on a ground never advocated by the State and to which Miller has had no notice or opportunity in which to respond. This court does not review issues not argued, briefed, or supported with citation to authority. RAP 10.3; *Valente v. Bailey*, 74 Wn.2d 857, 858, 447 P.2d 589 (1968); *Avellaneda v.*

No. 32995-0-III
*State v. Miller* (concurrence)

*State*, 167 Wn. App. 474, 485 n.5, 273 P.3d 477 (2012).  This court should not raise new issues without first giving the parties the chance to brief them.  RAP 12.1.  There are obvious due process problems in affirming a trial court ruling in a criminal proceeding on an alternative theory against which the defendant has had no opportunity to present an argument.  *State v. Adamski*, 111 Wn.2d 574, 580, 761 P.2d 621 (1988).


I CONCUR:


_____
Fearing, J.

2