# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46969-3-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| KARL STEPHEN HANNA, | |
| Appellant. | |

MAXA, J. – Karl Hanna appeals his exceptional sentence above the standard range for his convictions of four counts of first degree child molestation. The exceptional sentence was based on two statutory aggravating factors: use of a position of trust to facilitate commission of the offense and an ongoing pattern of sexual abuse.

We hold that (1) the State presented sufficient evidence to support the jury's verdict on the position of trust aggravating factor, (2) the invited error doctrine precludes review of the ongoing pattern of sexual abuse jury instruction because Hanna proposed the instruction, and (3) Hanna's defense counsel did not provide ineffective assistance by proposing a pattern jury instruction regarding the ongoing pattern of sexual abuse aggravating factor that the Supreme Court later invalidated. Accordingly, we affirm Hanna's exceptional sentence.

FACTS

Blake Stepper, LS's father, lived with Dominick Zook for approximately six months. The Zook house had three floors. Zook and his wife lived upstairs with their three children,

Stepper lived on the main floor, and Hanna occupied the downstairs. At that time, LS and her brother visited Stepper almost every weekend.

Stepper allowed his children to spend time with Hanna, and permitted Hanna to take the children to do various activities without Stepper present. LS and the other children living in the house often played video games and watched television in Hanna's downstairs living area. On occasion, Hanna would take the children to the store in his truck for treats.

On several occasions, Hanna inappropriately rubbed LS's private area, described by LS as "[w]here you go pee." 3 Report of Proceedings (RP) at 242-43. Hanna rubbed LS's private area at least twice while she was downstairs on the couch watching television. The touching also occurred twice in Hanna's truck: once while Hanna was taking the children to the store and once while Hanna was taking the children to the river. LS was nine years old and in the fourth grade when the touching occurred.

The State charged Hanna with five counts of first degree child molestation. Each count further alleged the aggravating factors of use of a position of trust to facilitate commission of the offense, an ongoing pattern of sexual abuse, and the victim's particular vulnerability. The trial court ultimately dismissed one of the counts and also dismissed the particular vulnerability aggravating factor for all counts.

At trial, the trial court gave jury instruction 18, which addressed the ongoing pattern of sexual abuse aggravating factor:

> An "ongoing pattern of sexual abuse" means multiple incidents of abuse over a prolonged period of time. The term "prolonged period of time" means more than a few weeks.

Clerk's Papers (CP) at 82. Both the State and Hanna proposed this instruction, which was identical to a pattern criminal jury instruction.

The jury found Hanna guilty on all four counts of first degree child molestation. The jury also found by special verdict for all four counts that Hanna used a position of trust to facilitate the commission of the offense and that there was an ongoing pattern of sexual abuse of a minor.

At sentencing, the trial court considered the two aggravating factors that the jury found. The trial court stated that an exceptional sentence also may be justified because Hanna's multiple convictions, combined with his high offender score, would otherwise result in there being no additional penalty for some of his crimes. In light of the two aggravating factors and the no additional penalty factor, the trial court imposed an exceptional sentence of 220 months for each count, to be served concurrently. The trial court did not state that it would have imposed the same sentence if only one of the aggravating factors was valid.

Hanna appeals his exceptional sentence.

ANALYSIS

A.      EXCEPTIONAL SENTENCE

Hanna argues that the trial court erred in imposing an exceptional sentence because (1) there was insufficient evidence to support the jury's verdict on the use of a position of trust aggravating factor and (2) the ongoing pattern of sexual abuse jury instruction was an improper judicial comment on the evidence. We hold that there was sufficient evidence to support the jury's verdict on the use of a position of trust aggravating factor and that the invited error doctrine precludes review of Hanna's challenge to the ongoing pattern of sexual abuse jury instruction.

3

1. Position of Trust Aggravating Factor

Hanna argues that the trial court erred in imposing an exceptional sentence because there was insufficient evidence to support the jury's special verdict that Hanna used a position of trust to facilitate commission of the offense. We disagree.

We review a jury's special verdict finding under the sufficiency of the evidence standard. *State v. Stubbs*, 170 Wn.2d 117, 123, 240 P.3d 143 (2010). The test for determining sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). We assume the truth of the State's evidence and draw all reasonable inferences from the evidence in favor of the State. *Id.* at 106. We defer to the trier of fact for purposes of resolving conflicting testimony and evaluating the persuasiveness of the evidence. *Id.*

Under RCW 9.94A.535(3)(n), a trial court may impose an exceptional sentence if the defendant "used his or her position of trust, confidence, or fiduciary responsibility to facilitate the commission" of the offense. In determining whether the defendant abused a position of trust, we consider the duration and degree of the relationship between the defendant and the victim. *State v. Grewe,* 117 Wn.2d 211, 218, 813 P.2d 1238 (1991). " 'A relationship extending over a longer period of time, or one within the same household, would indicate a more significant trust relationship, such that the offender's abuse of that relationship would be a more substantial reason for imposing an exceptional sentence.' " *Id.* at 219 (quoting *State v. Fisher,* 108 Wn.2d 419, 427, 739 P.2d 683 (1987)). The victim's vulnerability to trust due to the victim's age and

the degree of the defendant's culpability also are important factors to consider. *State v. Bedker,* 74 Wn. App. 87, 95, 871 P.2d 673 (1994).

At trial, the State presented evidence that Stepper lived at the Zooks' house with Hanna for a period of six months, during which time LS would visit on the weekends. The Supreme Court in *Grewe* held that there was sufficient evidence of a position of trust when the victim frequently visited the perpetrator's house over a period of four months. 117 Wn.2d at 219.

There also was evidence that LS played video games and watched TV in Hanna's downstairs living area. And Stepper allowed LS to spend time with Hanna and allowed Hanna to be alone with his children when Hanna took them in his truck to do various activities. The abuse of LS occurred in Hanna's downstairs living area and in Hanna's truck. This evidence showed that Hanna was in a supervisory position with regard to LS.

Viewed in the light most favorable to the State, a rational trier of fact could have found beyond a reasonable doubt that Hanna used his position of trust in committing first degree child molestation. Accordingly, we hold that there was sufficient evidence to support the jury's special verdict that Hanna used a position of trust to facilitate the offenses.

2. Ongoing Pattern of Abuse Aggravating Factor

Hanna argues that under the Supreme Court's recent precedent, the trial court made an improper judicial comment on the evidence by giving the jury instruction defining "prolonged period of time" to mean "more than a few weeks." But because Hanna proposed this instruction, we hold that the invited error doctrine precludes review.

The trial court's instruction 18, the ongoing pattern of abuse jury instruction, defined "prolonged period of time" to mean "more than a few weeks." CP at 82. The language of

instruction 18 was substantially similar to the language used in Washington pattern jury instruction 300.17(2)(a). 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 300.17(2)(a), at 719 (3d ed. 2008) (WPIC). However, after Hanna's trial, the Supreme Court invalidated WPIC 300.17(2)(a) in *State v. Brush*, 183 Wn.2d 550, 561, 353 P.3d 213 (2015). The court held that WPIC 300.17(2)(a) not only incorrectly interpreted the law, but was an improper judicial comment on the evidence. *Id.*

Hanna relies on *Brush* in arguing that the trial court erred in giving instruction 18. But Hanna proposed that ongoing pattern of abuse jury instruction. The invited error doctrine prohibits a party from setting up an error at trial and then challenging that error on appeal. *State v. Momah*, 167 Wn.2d 140, 153, 217 P.3d 321 (2009). To determine whether the invited error doctrine applies, we consider whether the defendant "affirmatively assented to the error, materially contributed to it, or benefited from it." *Id.* at 154. Under this test, the invited error doctrine precludes appellate review of a defendant's claim of instructional error when the trial court gave the instruction at the defendant's request. *State v. Studd*, 137 Wn.2d 533, 547, 973 P.2d 1049 (1999).

The Supreme Court in *Studd* expressly held that the invited error doctrine applies when the defendant proposes and the trial court gives an instruction identical to a WPIC instruction, and the Supreme Court subsequently invalidates that instruction. *Id.* at 547-48. The court stated, "There can be no doubt that this is a strict rule, but we have rejected the opportunity to adopt a more flexible approach." *Id.* at 547. Further, the invited error doctrine applies to a comment on the evidence. *See State v. Elmore*, 139 Wn.2d 250, 280, 985 P.2d 289 (1999).

Applying the invited error doctrine when a defendant proposes an instruction based on a seemingly valid WPIC instruction seems inappropriate. Arguably, Hanna did not invite any "error" because at the time of trial, it was not error to give an instruction identical to WPIC 300.17(2)(a). Hanna simply proposed, in good faith, an approved pattern instruction. Nevertheless, we are bound by the Supreme Court's resolution of this issue in *Studd*.

Under *Studd*, Hanna invited the trial court's alleged error by proposing the instruction he now challenges. Accordingly, we hold that the invited error doctrine precludes our review of Hanna's argument that the trial court erred in giving the ongoing pattern of abuse jury instruction.

B.      INEFFECTIVE ASSISTANCE OF COUNSEL

Hanna argues that defense counsel's proposal of the ongoing pattern of abuse jury instruction constitutes ineffective assistance of counsel. We disagree.

1.      Legal Principles

We review claims of ineffective assistance of counsel de novo. *State v. Hamilton*, 179 Wn. App. 870, 879, 320 P.3d 142 (2014). The invited error doctrine does not bar review of a claim of ineffective assistance of counsel. *State v. Gentry*, 125 Wn.2d 570, 646-47, 888 P.2d 1105 (1995).

To prevail on a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defendant. *State v. Grier*, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011). Representation is deficient if, after considering all the circumstances, it falls below an objective standard of reasonableness. *Id.* at 33. Prejudice exists if there is a reasonable probability that except for

counsel's errors, the result of the trial would have been different. *Id.* at 34. We review the challenged conduct from defense counsel's perspective at the time. *Id.*

We begin our analysis with a strong presumption that counsel's performance was effective. *Id.* at 33. To rebut this presumption, the defendant must establish the absence of any " '*conceivable* legitimate tactic explaining counsel's performance.' " *Id.* (emphasis added) (quoting *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004)). If defense counsel's conduct can be considered to be a legitimate trial strategy or tactic, counsel's performance is not deficient. *Grier*, 171 Wn.2d at 33.

2. No Deficient Performance

At trial, defense counsel proposed an ongoing pattern of abuse jury instruction that was substantially similar to WPIC 300.17(2)(a). Based on the Supreme Court's invalidation of that instruction in *Brush*, Hanna argues that there was no legitimate trial tactic for proposing this instruction.

But the Supreme Court rejected an identical argument in *Studd*. 137 Wn.2d at 551. The facts in that case are almost identical to the facts here. The defendant proposed an instruction based on WPIC 16.02, which the Supreme Court later invalidated. *Id.* at 545-46. The defendant argued that his defense counsel provided ineffective assistance by proposing the instruction. *Id.* at 550-51. The court emphasized the strong presumption that counsel's representation was effective and noted that WPIC 16.02 had not been invalidated at the time of trial. *Id.* at 551. The court stated, "[H]is counsel can hardly be faulted for requesting a jury instruction based upon a then-unquestioned WPIC 16.02." *Id.* As a result, the court rejected the defendant's ineffective assistance of counsel claim. *Id.*

8

No. 46969-3-II

The State suggests without authority that defense counsel's performance might be deficient for unnecessarily proposing an instruction identical to one the State proposed, because by so doing defense counsel makes it impossible for the defendant to later challenge the instruction on appeal. We note that Hanna does not make this argument. And we decline to hold that Hanna can establish ineffective assistance of counsel simply because defense counsel proposed a WPIC instruction that was valid at the time. Defense counsel may have a legitimate tactical reason to propose a WPIC instruction that is valid at the time of trial even if he or she anticipates that the State may propose the same instruction.

We hold that Hanna's ineffective assistance of counsel claim fails.

CONCLUSION

We affirm Hanna's exceptional sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, A.C.J.

We concur:

_____
MELNICK, J.

_____
SUTTON, J.